

David L. Bissett
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | Chapter 11 |
| Century Mining LLC d/b/a Allegheny Metallurgical, | Case No. 24-bk-00598 |
| Debtor. | |

**FINAL ORDER AUTHORIZING BUT NOT DIRECTING DEBTOR TO MAINTAIN EXISTING INSURANCE POLICIES AND TO PAY ANY PREMIUM OBLIGATION ARISING THEREUNDER**

Upon the Motion (the "<u>Motion</u>") of the Debtor[1] for entry of interim and final orders authorizing: (i) authorizing, but not directing, the Debtor to maintain existing insurance policies; (ii) authorizing, but not directing, the Debtor to pay any premium obligations and brokers' fees arising out of such insurance policies; and (iii) authorizing financial institutions to honor all obligations with respect to the insurance policies; all as more fully set forth in the Motion; and upon the Welch Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{C1341845.1 }

having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases, set forth in the Motion and at the Hearing establish just cause for the relief requested herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** on a final basis to the extent set forth herein (this "Final Order").

2. The Debtor is hereby authorized, but not directed, to maintain its existing Insurance Policies in the ordinary course of business (including, but not limited to, paying pre-petition deductibles, premiums, fees, and other expenses), and to pay the insurance policy premiums and fees relating to the Insurance Policies as such become due.

3. The Debtor is authorized, but not directed, without further order of Court, to renew, revise, extend, supplement, change, or enter into additional or new insurance policies as needed in its business judgment and in the ordinary course of business.

4. Any applicable banks or financial institutions are hereby authorized to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related to the Insurance Policies.

5. Nothing contained in the Motion or this Order or any payment made pursuant to this Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or any approval or assumption of any agreement, contract, or lease pursuant to 11 U.S.C. § 365.

6. The Court finds that the requirements set forth in Fed. R. Bankr. P. 6003 are satisfied, and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

7. The notice requirements set forth in Fed. R. Bankr. P. 6004(a) are satisfied or otherwise waived. Notwithstanding Fed. R. Bankr. P. 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

9. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.