

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re:<br><br>Century Mining LLC d/b/a Allegheny Metallurgical,<br><br>                Debtor. | Chapter 11<br><br>Case No. 24-bk-00598 (DLB) |

### ORDER AUTHORIZING THE DEBTOR TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion ("Motion")[1] of the above-captioned Debtor for entry of an order ("Order") authorizing, but not directing, the Debtor to (i) retain and employ professionals utilized by the Debtor in the ordinary course of business (collectively, the "Ordinary Course Professionals"), effective as of the Petition Date, without (a) the submission of separate employment applications, or (b) the issuance of separate retention orders, and (ii) pay compensation and reimbursement of expenses of the Ordinary Course Professionals, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing (if any) having been held to consider the relief requested in the Motion; and the Court having found

---

[1] Capitalized terms not defined herein shall have the meaning ascribed them in the Motion.

and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor is hereby authorized, but not directed, to employ, retain, and pay pursuant to Bankrutpcy Code sections 105(a), 327, 328, 330, 331, and 363 the Ordinary Course Professionals listed on **Exhibit 1** attached hereto without the necessity of a separate formal retention application, effective as of the Petition Date.

3.      Within 30 days after the later of either the entry of this Order or the date on which the Ordinary Course Professional commences services for the Debtor, each Ordinary Course Professional shall file with this Court a Retention Declaration, substantially in the form of **Exhibit 2** attached hereto. Any objection to a Retention Declaration filed pursuant to this Order must (i) be in writing; (ii) comply with the Bankruptcy Rules and the local rules; (iii) set forth the specific basis for such objection; (iv) be filed with the Court within fourteen (14) days of the date of service of any such Retention Declaration (the "Retention Objection Deadline") and (v) be served on the following parties (collectively, the "Notice Parties"):

   i.   The U.S. Trustee: the Office of the U.S. Trustee for the Northern District of West Virginia, Attn: Gary O. Kinder, Esq., 300 Virginia Street Ease, Room 2025, Charleston, WV; Email: gary.o.kinder@usdoj.gov;

   ii.  The CRO to the Debtor: MorrisAnderson & Associates, Ltd., Attn: Mark J. Welch 55 West Monroe Street, Suite 2350, Chicago Illinois 60603; Email: mwelch@morrisanderson.com;

     iii.   Counsel to the Debtor: Campbell & Levine, LLC, Attn: Paul J. Cordaro and Kathryn L. Harrison 310 Grant St., Ste. 1700, Pittsburgh, PA 15219; Email: pcordaro@camlev.com and kharrison@camlev.com;

     iv.   Counsel to the official committee of unsecured creditors: Raines Feldman Littrell, LLP, Attn:  Michael J. Roeschenthaler, Esq. and Mark A. Lindsay, Esq. 11 Stanwix Street, Suite 1100, Pittsburgh, PA 15222; E-mail: mroeschenthaler@raineslaw.com and mlindsay@raineslaw.com

     v.   Counsel to the DIP Lender: McGuireWoods LLP Attn: Mark E. Freedlander and Frank Guadagnino, Tower Two-Sixty, 260 Forbes Avenue, Suite 1800, Pittsburgh, PA 15222; Email:  mfreedlander@mcguirewoods.com and fguadagnino@mcguirewoods.com.

4.      If no objection is filed to such Retention Declaration before the expiration of the Retention Objection Deadline, the Debtor is hereby authorized to retain such Ordinary Course Professional on a final basis and without further Order of the Court.

5.      Subject to compliance with the Court-approved Cash Collateral and DIP budgets, the Debtor is authorized to compensate and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in accordance with this Order and in its customary manner, in the full amount billed by each such Professional, upon receipt by the Debtor of a sufficiently detailed invoice indicating the nature of the services rendered and calculated in accordance with such Professional's standard billing practices (without prejudice to the Debtor's rights to dispute any such invoices), up to $40,000 per month per such Professional (the "Individual Fee Cap").

6.      Any payment in excess of the Individual Fee Cap to any Ordinary Course Professional shall be subject to filing a monthly interim fee application for all such Professional's fees and expenses for such month, pursuant to sections 330 and 331 of the Bankruptcy Code, and applicable Bankruptcy Rules and local bankruptcy rules of this Court, and in accordance and

compliance with any order entered by this Court in these Chapter 11 cases establishing procedures for interim compensation and reimbursement of expenses of professionals.

7.      Notwithstanding the Individual Fee Cap, payments by the Debtor to Ordinary Course Professionals pursuant to the relief requested herein shall not exceed an aggregate amount of $40,000 per month (the "Aggregate Fee Cap"), unless the Court orders otherwise.

8.      The Debtor's right to later seek to increase the Individual Fee Cap and/or the Aggregate Fee Cap, after notice and hearing, is hereby reserved.

9.      The Debtor shall not make any payment to an Ordinary Course Professional unless (i) such Professional has filed a Retention Declaration, (ii) the Retention Objection Deadline has expired, and (iii) no timely objection is pending, or, if a timely objection is received, the objection is resolved and withdrawn or such retention is otherwise approved by the Court.

10.     If the Debtor later designate a given professional as an Ordinary Course Professional for the purposes of this Order, the Debtor shall file with the Court and serve on the Notice Parties a supplemental OCP List identifying the names of the additional Ordinary Course Professional and providing a brief description of the services to be rendered, together with a Retention Declaration by each such additional Ordinary Course Professional. Any objection to such supplemental OCP List filed pursuant to this Order must follow the procedures set forth in paragraph 3 above. If no objection is filed to such supplemental OCP List before fourteen (14) days after service of any such supplemental OCP List, the added professional(s) will be deemed to be an Ordinary Course Professional for purposes of this Order without the need for a hearing or further Order, and shall comply with all requirements applicable to such Ordinary Course Professionals under this Order.

11.      All payments to any Ordinary Course Professional shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provide generally that except as provided by 327(c), 327(e) and 1107(b), the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330 of the Bankruptcy Code. In addition to the limits set forth in this Order, all payments to an Ordinary Course Professional are further subject to the Bankruptcy Rules and local bankruptcy rules of this Court.

12.      To the extent that any agreement between the Debtor and an Ordinary Course Professional provides for the indemnification by the Debtor of such Ordinary Course Professional in connection with the services that are the subject of the Motion (each such agreement, an "OCP Agreement"), the Ordinary Course Professional shall attach the OCP Agreement to the OCP Declaration and, upon the retention of the Ordinary Course Professional in accordance with the procedures set forth herein, the indemnification provisions set forth in the OCP Agreement are approved, subject to the following modifications during the pendency of this Chapter 11 Case:

a. The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by this Court.

b. Notwithstanding anything to the contrary in the OCP Agreement, the Debtor shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense related to such OCP Agreement that is: (a) judicially determined (the

determination having become final) to have arisen from the Ordinary Course Professional's gross negligence or willful misconduct; (b) for a contractual dispute in which the Debtor alleges the breach of the Ordinary Course Professional's contractual obligations under the OCP Agreement unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable bankruptcy law; or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by this Court, after notice and a hearing to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Order.

c. If, before the earlier of (a) entry of an order confirming a chapter 11 plan in this Chapter 11 case (that order having become a final order no longer subject to appeal), and (b) the entry of an order closing this Chapter 11 Case, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the OCP Agreement (as defined by this Order), including without limitation the advancement of defense costs, the Ordinary Course Professional must file an application therefor in this Court, and the Debtor may not pay any such amounts to the Ordinary Course Professional before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Ordinary Course Professional for indemnification, contribution, or reimbursement, and not a provision limiting the

duration of the Debtor's obligation to indemnify the Ordinary Course Professional. All parties in interest in this Chapter 11 Case shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement.

13.    If an Ordinary Course Professional that is an attorney held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration. Such Ordinary Course Professional may apply its prepetition retainer against any pre- or post-petition claims once its retention and employment is approved.

14.    Within thirty (30) days after the last day of March, June, September, and December of each year the above-captioned case is pending, the Debtor shall file with this Court a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Professional; (b) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Professional for each month of the three month statement period; and (c) a short statement of the type of services rendered by such Professional (the "Quarterly Statements").

15.    Parties in interest will be permitted to file objections to the payments made to Ordinary Course Professionals within fourteen (14) days following the filing of the Quarterly Statements, and if an objection to the fees and/or expenses of such Ordinary Course Professional is filed by a party, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code.

16.    Nothing in this Order or the Motion shall constitute, nor is intended to constitute, or be deemed to constitute authorization for the Debtor to pay any prepetition amounts owed to Ordinary Course Professionals.

8

17.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

18.     This Order shall not apply to any professional retained by the Debtor pursuant to a separate application and related order of this Court.

The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**Exhibit 1**

**OCP List**

| Name | Function |
|---|---|
| Jackson Kelly | Legal counsel related to environmental matters; MSHA matters |
| Deloitte | Tax return preparation |
| BDO | Accounting support related to mine fire claims and port claim |
| Cohen Ziffer Frenchman & McKenna | Legal counsel related to insurance claims related to mine fire |
| Frost Brown Todd | Legal counsel related to West Virginia bonds |
| Bowles Rice | Litigation counsel for personal injury/employment related claims |
| Spilman Thomas & Battle, PLLC | Legal counsel/HR support |
| Steptoe & Johnson | Legal counsel for land title matters and contracts |
| Ernst & Young | Audit preparation |
| Gordon Rees Scully Mansukhani | Legal counsel for employment litigation matters |

**Exhibit 2**

**Form of Retention Declarations**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| In re:<br><br>Century Mining LLC d/b/a Allegheny Metallurgical,<br><br>       Debtor. | Chapter 11<br><br>Case No. |

**DECLARATION OF DISINTERESTEDNESS OF [DECLARANT'S NAME] PURSUANT TO THE ORDER AUTHORIZING THE DEBTOR TO RETAIN AND COMPENSATE PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, [Insert-Declarant's Name], being duly sworn, deposes and says:

1.      I am the [Title] of [Insert Full Name of Ordinary -Course Professional] ("[Insert Abbreviation for Professional]"), which maintains offices at [Insert Address of Ordinary-Course Professional].

2.      Except as otherwise provided herein, neither I, [Insert Abbreviation for Professional], nor any employee thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor and debtor in possession (the "Debtor"), its creditors, any other party in interest, the United Stated Trustee, or any person employed in the office of the United States Trustee, except as set forth in this verified statement.

3.      The services that [Insert Abbreviation for Professional] will provide for the Debtor and which the Debtor has consented to will be substantially the same as performed prepetition and include, but are not limited to, the following:

    i.  [SPECIFIC DESCRIPTION]

4.      [Insert Abbreviation for Professional]'s current customary rates are [Insert Fee/Rate Scale]. In the normal course of business, [Insert Abbreviation for Professional]

revises its regular rates on [Insert Date] of each year and requests that, effective [Insert Date] of each year, the aforementioned rates be revised to the regular rates which will be in effect at that time.

5.  In the past year, [Insert Abbreviation for Professional] has rendered services to the Debtor for which the Debtor has been invoiced in the amount of $[Insert Amount]. Additionally, since the commencement of these chapter 11 cases, [Insert Abbreviation for Professional] has provided services to the Debtor that have not yet been billed or that have been billed but for which payment has not been received. The value of such services does not exceed $[Insert Amount].

6.  [For Attorneys] The Firm is owed $[_____] on account of services rendered and expenses incurred prior to the Petition Date in connection with the Firm's employment by the Debtor. As of the Petition Date, the Firm held a retainer balance in the amount of $[_____] (the "**Retainer**"), which the Firm shall apply against the outstanding balance owed as of the Petition Date and/or to any post-petition balance incurred.

7.  [For Non-Attorneys] The Firm is either not owed any amounts or the Firm has agreed to waive any amounts owed on account of services rendered and expenses incurred prior to the Petition Date in connection with the Firm's employment by the Debtor.

8.  Except as set forth herein, no promises have been received by [Insert Abbreviation for Professional] as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Northern District of West Virginia (the "Local Bankruptcy Rules"), and orders of this Court.

Connection With Creditors and Other Parties in Interest

2

9.      [I represent that to the best of my knowledge and belief:  (i) neither I nor [Insert Abbreviation for Professional] has a relationship with any entity, or professional in my employ, which would be adverse to the Debtor or its creditors; and (ii) no one at [Insert Abbreviation for Professional] is a creditor, former employee, equity security holder, or an insider (as such term is defined in section 101(31) of the Bankruptcy Code) of the Debtor nor does [Insert Abbreviation for Professional] have an interest adverse to that of the Debtor's estate or of any class of creditors or equity security holders.  Moreover, [Insert Abbreviation for Professional] will undertake to determine that no one that it employs is a creditor, former employee, equity security holder, or an insider (as such term is defined in section 101(31) of the Bankruptcy Code) of the Debtor, or has an interest adverse to that of the Debtor's estate or of any class of creditors or equity security holders.

10.     [**IF APPLICABLE**] For purposes of full disclosure, [Insert Abbreviation for Professional] was engaged by the Debtor as its [Title] to the Debtor immediately preceding this bankruptcy case, on _____, 202_ and rendered services directly related to the preparation for this case.

11.     [**IF APPLICABLE**][Insert Abbreviation for Professional] and its employees may have in the past, currently, and may in the future provide services to entities that are creditors of the Debtor in matters completely unrelated to the matters with respect to which [Insert Abbreviation for Professional] is to be engaged by the Debtor. However, neither I, [Insert Abbreviation for Professional], nor any employee thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estates in the matters upon which [Insert Abbreviation for Professional] is to be engaged.

3

12.      Accordingly, I believe that [Insert Abbreviation for Professional] is a "disinterested party" as such term is defined in sections 101(14) and 1107(b) of the Bankruptcy Code, and as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code.

13.      No promises have been received by [Insert Abbreviation for Professional] as to compensation in connection with any matter in which [Insert Abbreviation for Professional] has been retained other than in accordance with the Bankruptcy Code. [Insert Abbreviation for Professional] has no agreement with any other entity to share with such entity any compensation to be received by [Insert Abbreviation for Professional].

14.      The foregoing constitutes the verified statement of [Insert Abbreviation for Professional] pursuant to Bankruptcy Rule 2014. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 202_                    _____

[DECLARANT'S NAME]